MICHAEL J. McCUE (NV Bar No. 6055)
MMcCue@LRRLaw.com
JONATHAN W. FOUNTAIN (NV Bar No. 10351)
JFountain@LRRLaw.com
JENNIFER K. HOSTETLER (NV Bar. No. 11994)
JHostetler@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
Toyo Tire and Rubber Co., Ltd., Toyo Tire U.S.A. Corp.,
and Toyo Tire Holdings of Americas Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TOYO TIRE AND RUBBER CO., LTD., a Japanese corporation; TOYO TIRE U.S.A. CORP., a California corporation; and TOYO TIRE HOLDINGS OF AMERICAS INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KABUSIKIKI KAISHA TOKYO NIHOON RUBBER CORP., a Japanese company; JAPAN TOYOMOTO TIRE CORP., a Chinese company; TOYOMOTO (BEIJING) INTERNATIONAL TRADING CO., a Chinese company; TOYOMOTO TIRE (US) Inc., a Delaware Corporation.<br><br>Defendants. | **COMPLAINT** |

Plaintiffs Toyo Tire and Rubber Co. Ltd., Toyo Tire U.S.A. Corp., and Toyo Tire Holdings of Americas Inc. (collectively "Plaintiff" or "Toyo" along with its predecessors in interest and licensees) states its complaint against Defendants Kabusikiki Kaisha Tokyo Nihoon Rubber Corp., Japan Toyomoto Tire Corp., Toyomoto (Beijing) International Trading Co., and Toyomoto Tire (US) Inc. as follows:

-1-

5088816_1

**INTRODUCTION**

Toyo is a world-wide manufacturer and distributor of tires based in Japan. The 2014 Specialty Equipment Market Association ("SEMA") is currently underway at the Las Vegas Convention Center in Las Vegas, Nevada. The show began on Tuesday, November 4, 2014, and runs through Friday, November 7, 2014. The Defendants appear to be foreign companies located or based in China that portray themselves to be a Japanese tire manufacturer. The Defendants are making their once-yearly appearance in the U.S. to exhibit and offer products for sale, including but not limited to automobile tires, that infringe Toyo's U.S. trademarks. Although the Defendants are presently within this judicial district, when the SEMA Show ends, the Defendants will leave the United States and return to China. Accordingly, in this action, Toyo seeks an *ex parte* emergency temporary restraining, as well as preliminary and permanent injunctive relief and damages (including, but not limited to, statutory damages), attorneys' fees, interest, and costs.

**JURISDICTION AND VENUE**

1. This is an action for trademark counterfeiting, trademark infringement, unfair competition, trademark dilution, and cybersquatting under the Lanham Act, 15 U.S.C. Section 1051, *et seq*. and/or Nevada common law.

2. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendants based upon their infringing acts of advertising, displaying, and offering tires and related products for sale in Las Vegas, Nevada at SEMA.

4. Venue is proper in this district under 28 U.S.C. § 1391(b), (c) and (d), because the Defendants are conducting business in Nevada, have committed acts of infringement in Nevada, and are subject to personal jurisdiction in Nevada.

/ / /

/ / /

## **PARTIES**

5. Plaintiff Toyo Tire and Rubber Co., Ltd. is a Japanese corporation with a principal place of business at 1-17-18 Edobori, Nishi-ku, Osaka 550-8661, Japan.

6. Plaintiffs Toyo Tire U.S.A. Corp. and Toyo Tire Holdings of Americas Inc., are California corporations with a principal place of business at 5665 Plaza Drive, Cypress, California 90630.

7. Upon information and belief, Defendant Kabusikiki Kaisha Tokyo Nihoon Rubber Corp. is a Japanese holding company, with a principal place of business in Beijing, China.

8. Upon information and belief, Defendant Japan Toyomoto Tire Corp. is a Chinese company with a principal place of business in Beijing, China.

9. Upon information and belief, Defendant Toyomoto (Beijing) International Trading Co. is a Chinese company with a principal place of business in Beijing, China.

10. Upon information and belief, Defendant Toyomoto Tire (US) Inc. is a Delaware corporation with a principal place of business in Beijing, China.

11. Defendants hereafter are collectively referred to as "Toyomoto" or "Defendants."

### *Background on Toyo*

12. Toyo is one of the world's most renowned manufacturers and distributors of tires. Toyo is renowned for its technological innovations and the quality of its products. In the United States, Toyo Tires has repeatedly been named #1 Overall Brand By North American Tire Dealers in Tire Review Magazine's Annual Tire Brand Study. Throughout its existence, Toyo has maintained its commitment to innovation, quality, performance, and excellent customer services. Toyo's tires are sold worldwide and are used by families, competitive racers, off-road enthusiasts, and professional and commercial drivers. The TOYO brand has been featured in movies, television shows, and sporting and entertainment events throughout the United States and the world.

13. Since at least as early as 1945, Toyo has continuously used and promoted the TOYO mark in connection with a wide variety of tires. Toyo manufactures a wide variety of

-3-

5088816_1

high-performance tires, racing-inspired tires, rugged off road tires for light trucks and SUV's, luxury-touring tires, and commercial truck tires. Toyo sells tires under the TOYO and TOYO M/T marks. Toyo has made exclusive and continuous use of the TOYO mark in connection with the tire industry internationally since at least as early as 1945, and in the United States since at least as early as 1966.

14. Today, due to the quality of its products, Toyo has more than 2,000 independent tire dealers in the United States and has distributors in 120 other countries and territories throughout the world.

### Toyo's Federal Trademark Registrations

15. Toyo first registered the TOYO mark in Japan in 1957 (Reg. No. 508,724). Toyo's TOYO mark also has been registered with the United States Patent and Trademark Office ("USPTO") since 1967 (Reg. No. 839,584).

16. Over the last nearly 50 years, Toyo has obtained several U.S. federal trademark registrations for the TOYO marks on its goods and services. Toyo owns the following U.S. federal trademark registrations, among others:

| Mark | Registration Number | Registration Date | Products/Services |
|---|---|---|---|
| TOYO TIRES motorsport | 4234812 | 30-OCT-2012 | **INT. CL. 25** Clothing, namely, hats, caps, and shirts |
| TOYO TIRES | 3602754 | 07-APR-2009 | **INT. CL. 12** Tires for automobiles; inner tubes for automobile tires; automobiles and structural parts therefor; shock absorbers for land vehicles; springs for land vehicles, namely, coil springs and shock absorbing springs |
| TOYO TIRES | 3409221 | 08-APR-2008 | **INT. CL. 16** Decals<br>**INT. CL. 25** Clothing, namely, jackets, t-shirts, shirts, polo shirts, sweatshirts, jackets, sweatbands, under garments; hats; headwear; gloves |
| TOYO TIRES | 3409258 | 08-APR-2008 | **INT. CL. 12** Tires; inner tubes for vehicle tires; wheels of automobiles; wheel rims for automobiles<br>**INT. CL. 18** Gym bags, sports bags, backpacks, umbrellas<br>**INT. CL. 21** Mugs, thermal insulated wrap for cans to keep the contents cold or hot<br>**INT. CL. 28** Die cast cars, namely, model cars; play motor cars, plastic flying discs |
| TOYO TIRES | 3652765 | 07-JUL-2009 | **INT. CL. 36** Financial sponsorship of racing events |

-4-

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| TEAM TOYO | 3591290 | 17-MAR-2009 | **INT. CL. 25** Clothing, namely, jackets, t-shirts, shirts, polo shirts, sweatshirts, jackets, sweatbands, under garments; hats; headwear; gloves |
| TEAM TOYO | 3401954 | 25-MAR-2008 | **INT. CL. 12** Inner tubes for vehicle tires; tires; wheels of automobiles; wheel rims for automobiles<br>**INT. CL. 18** Gym bags, sports bags, backpacks<br>**INT. CL. 20** Stools<br>**INT. CL. 21** Mugs; thermal insulated wrap for cans to keep the contents cold or hot<br>**INT. CL. 28** Die cast toy model cars, play motor cars, plastic flying discs |
| TEAM TOYO | 3356321 | 18-DEC-2007 | **INT. CL. 36** Financial sponsorship of racing events |
| TOYO (logo) | 3496019 | 02-SEP-2008 | **INT. CL. 12** Shock absorbers for automobiles, suspension shock absorbers for vehicles, shock absorbing springs for vehicles, suspension springs for vehicles, automotive vibration management components, namely dynamic dampers, noise dampers for automobiles, automotive seats, seat cushions for automobiles, cushion stabilizers for automobiles, bumpers for automobiles, automobile instrument panels, gear lever knobs for automobiles, automotive steering boots, automotive weather-strips for automobiles, fitted dust covers for automobiles, rubber engine mountings for automobiles, rubber side engine mountings for automobiles, rubber transmission mountings for automobiles, automotive vibration management components, namely rubber dampers for automobiles, rubber differential mountings for automobiles, rubber bushings for automobiles |
| TOYO M/T | 3112389 | 04-JUL-2006 | **INT. CL. 12** Tires and tire inner tubes for land vehicles |
| TOYO (logo) | 1176052 | 03-NOV-1981 | **INT. CL. 12** Air springs for automobiles and all other vehicles |
| TOYO | 839584 | 28-NOV-1967 | **Goods and Services:**<br>**U.S. CL. 35** Automobile tires and tubes |

17. Each of the above-identified registrations are presently owned by Toyo Tire & Rubber Co., Ltd., was duly and legally issued, and is valid and subsisting. Registration Nos. 3112389, 1176052, 839584, 3496019, 3356321, 3409258, and 3409221 are now incontestable pursuant to 15 U.S.C. § 1065. (Toyo's registered TOYO-formative marks and common law rights therein shall be collectively referred to as the TOYO Marks.)

18. Through long usage by Toyo, the TOYO Marks are well-known and famous to

-5-

5088816_1

customers and potential customers as trademarks belonging to Toyo (prior to the adoption and first use of the Defendants' company name, domain names and mark), and as an indicator of the origin and source of the goods sold and provided by Toyo.

19. The TOYO Marks are arbitrary and inherently distinctive terms.

### *Toyo's Sales and Promotion of Its TOYO Marks*

20. Due to the quality of its products and its international renown for technological innovation, Toyo has achieved extensive sales throughout the United States and the world. In the United States, Toyo annually produces and sells in excess of 4.7 million tires annually. Since 2010, Toyo has enjoyed annual sales in the United States in excess of $500 million. Internationally, since 2007, Toyo has sold in excess of $2 billion worth of tires annually.

21. Toyo also has prominently and extensively advertised and promoted products and services offered under the TOYO Marks, throughout the United States and the world, through such varied media as the Internet, television, newspapers and magazines, and point-of-sale displays. Toyo also operates websites at the <toyo.com>, <toyotire.com>, <toyotires.com>, <toyo-rubber.co.jp>, and <toyojapan.com> domain names, among others. Its European affiliate owns the <toyomotorsport.com> domain name. As a result, Toyo has developed substantial and valuable goodwill in the TOYO Marks.

22. For many years, Toyo has expended millions of dollars annually in advertising and promoting and marketing the TOYO Marks. Over the last five years, Toyo has spent over $105 million dollars on marketing and promotional activities in the United States alone.

23. In addition to the websites, social networking sites, movies, television shows, and point-of-sale displays and the high-profile sporting and entertainment events referred to above, Toyo routinely sponsors athletes and race car drivers and driving teams throughout the United States and the world. Examples of the athletes TOYO has sponsored include Robby Gordon, B.J Baldwin and Kyle LeDuc (motorsports racers); and Anthony Pettis, Urijah Faberand, and Mark Munoz (UFC® fighters). Toyo has also sponsored sporting events including NCAA football and basketball, Ultimate Fighting Championship® events, Los Angeles Dodgers baseball games, Anaheim Ducks hockey games, and numerous professional motorsports teams, events, and series.

The athletes Toyo sponsors and the athletic events it sponsors prominently display the TOYO name and marks in televised events. As a result of the use of Toyo's products and services and the advertising seen by millions of people, Toyo has acquired substantial and valuable goodwill and consumer recognition in the TOYO Marks.

### *The Defendants and Their Wrongful Activities*

24. The Defendants appear to be foreign companies located or based in China.

25. Although the Defendants represent themselves to be a Japanese company (like Toyo) on their website and in their logo, Defendants have no presence in Japan. In fact, upon investigation, Defendants could not be found at the Tokyo address listed on their <toyomotire.com> website, and the telephone number listed on their website has a country code for China.

26. Although Toyomoto Tire (US) Inc. is organized under Delaware law, it does not appear to have U.S. operations or a known regular presence in the United States.

27. The Defendants are using the TOYO mark as the dominant portion of their corporate names and trademarks that appear on their tires.

28. Upon and information and belief, the Defendants first adopted the TOYOMOTO designation and company name in or around 2010, and well after Plaintiff's TOYO marks were first used, registered and became famous.

29. Additionally, the Defendants are using the TOYO mark as the dominant portion of the <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names, and are using the TOYO mark as the dominant portion of the TOYOMOTO designation on social media websites, such as Facebook.

30. Upon information and belief, the Defendants first adopted, registered, and used the <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names in or about 2010 or 2012 and well after Plaintiff's TOYO marks were first used, registered, and became famous – including its European affiliate's use and registration of the <toyomotorsport.com> domain name.

31. The Defendants' use of the TOYOMOTO designation highlights the word TOYO,

-7-

5088816_1

further increasing the likelihood of confusion and damage to Toyo.

32. The Defendants' use of the TOYOMOTO designation on the sidewalls of their tires is calculated to further enhance the likelihood of confusion and damage to Toyo and permit the Defendants to pass-off their tires as those of Toyo to unsuspecting consumers. Screenshots of Plaintiff's tires and the Defendants' tires below demonstrate the substantially similar and/or indistinguishable appearance of these marks on the tires:

 

33. Further enhancing the likelihood of confusion, the Defendants market their tires to the same classes of consumers as TOYO and through the same trade channels.

34. Evidencing the overlap in the parties' marketing/trade channels, the Defendants' Toyomoto tires (that infringe upon Toyo's federally registered trademarks) are marketed at SEMA, in Las Vegas Nevada, the same trade show where Toyo exhibits offers and promotes its products and in the same exhibiting hall. A depiction of the Defendants' booth at SEMA appears below:



-8-

35. SEMA is one of the premier automotive specialty products trade shows in the world. SEMA 2013 drew more than 60,000 domestic and international buyers of automotive products. Exhibitors at SEMA generate business (*i.e.*, buy and sell products) and develop and maintain business relationships with key customers and suppliers. According to SEMA, 57% of attendees make buying decisions and another 30% influence buying decisions for a total of 87% "net buying influence."

36. SEMA is currently being held between Tuesday, November 4, 2014, and Friday, November 7, 2014, at the Las Vegas Convention Center in Las Vegas, Nevada, and features approximately 2,300 exhibitors.

37. On November 3, 2014, Toyo representatives visited SEMA to prepare for the show. While at the show, Toyo representatives visited the Defendants' exhibitor booth, which is located in the same exhibiting hall as Toyo's exhibitor booth. Toyo representatives observed the Defendants displaying the TOYOMOTO mark and offering for sale tires under the TOYOMOTO mark.

38. The TOYOMOTO mark is substantially indistinguishable from and confusingly similar to the TOYO Marks. Indeed, the TOYO Marks (including use of TOYO in connection with other letters, words and terms) are uniquely associated with Toyo.

39. The Defendants had constructive knowledge of Plaintiff's TOYO Marks, prior to their first use of their infringing TOYOMOTO company names and mark.

40. In addition, the Defendants have recently filed applications in foreign countries to register the TOYOMOTO logo and mark, and Toyo has opposed those applications, asserting its prior and superior rights in its TOYO Marks.

41. The Defendants nevertheless intentionally adopted the TOYOMOTO mark to take advantage of the tremendous reputation and goodwill of the famous TOYO Marks, and continue to do so knowing of the irreparable harm that they have caused and will continue to cause Toyo, its marks, and the public.

/ / /

/ / /

5088816_1

42. The Defendants knew or should have known that the TOYOMOTO mark, company names, and domain names infringe and/or dilute the TOYO Marks. Thus, the Defendants acted knowingly, willfully, and in bad faith.

43. The Defendants' adoption and use of the TOYOMOTO mark, including on tires and as the dominant portion of the <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names, places Toyo's valuable reputation and goodwill in the hands of the Defendants, over whom Toyo has absolutely no control.

44. The adoption and use by the Defendants of the TOYOMOTO mark and domain names tarnishes and dilutes the distinctive quality of the TOYO Marks.

45. The adoption and use by the Defendants of the TOYOMOTO mark and domain names is likely to cause confusion, or to cause mistake, or to deceive persons wishing to purchase Toyo's goods and services.

46. The Defendants are not now, and never were, entitled to advertise, market, and offer their tires for sale under a mark similar to the famous TOYO Marks.

### *Injury to Toyo and the Public*

47. The Defendants' unauthorized use of the TOYOMOTO mark, company names, and domain names are likely to cause confusion and deception as to the source or origin of the Defendants' products and/or affiliation with Toyo and are likely to falsely suggest a connection or association between the Defendants, their products, and/or their commercial activities with Toyo.

48. The Defendants' unauthorized use of TOYOMOTO marks, name and domain names has damaged and irreparably injured and if permitted to continue will further damage and irreparably injure Toyo its marks its logos, company name, and domain names.

49. The Defendants' unauthorized uses of the TOYOMOTO mark, name and domain names has damaged and irreparably injured and, if permitted to continue, will continue to damage and irreparably injure the public who have an interest in being protected from confusion.

50. The Defendants' actions described above have diluted and are likely to continue to dilute and tarnish the distinctiveness and value and reputation of the famous TOYO marks.

///

-10-

5088816_1

# FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting under 15 U.S.C. § 1114)

51. Plaintiff repeat the allegations in the foregoing paragraphs as if fully set forth herein.

52. The Defendants TOYOMOTO mark is a spurious designation that is substantially indistinguishable from the TOYO Marks on goods covered by Plaintiff's federal trademark registrations.

53. The Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods including, without limitation, at SEMA.

54. The Defendants' use of the spurious designations to advertise, promote, offer for sale, distribute and sell tires bearing counterfeit trademarks was at all times and is currently without Plaintiff's authorization, license, or consent.

55. The Defendants' unauthorized use of the spurious designations on and in connection with the Defendants' advertisement, promotion, sale, offering for sale, and distribution of tires on the Internet and at SEMA constitutes a use of the mark in commerce.

56. The Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

57. By reason of the foregoing, the Defendants are liable to Plaintiff for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damages and/or the Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

58. Plaintiff is also entitled to temporary, preliminary, and permanent injunctive relief, including an order permitting the seizure of all "goods and counterfeit marks . . . the means of making such [counterfeit] marks, and records documenting the manufacture, sale, or receipt of things involved in such [counterfeiting] violations" pursuant to 15 U.S.C. § 1116(d).

-11-

5088816_1

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement Under 15 U.S.C. § 1114(1))**

59. Plaintiff repeat the allegations in the foregoing paragraphs as if fully set forth herein.

60. Plaintiff owns and has registered several TOYO marks on the Principal Register of the United States Patent and Trademark Office.

61. By virtue of their registration with the United States Patent and Trademark Office, Plaintiff's marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et. seq*.

62. As described above, Defendants' TOYOMOTO mark is confusingly similar to Plaintiff's registered TOYO marks.

63. Defendants have never been authorized by Plaintiff to use Plaintiff's TOYO marks, or any confusingly similar variations thereof in any way.

64. The acts of Defendants, including, inter alia, Defendants' use of the confusingly similar TOYOMOTO mark constitutes infringement of Plaintiff's registered marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C § 1114(1).

65. Upon information and belief, the aforesaid acts, by which Defendants are profiting, were undertaken willfully and with the intention of causing customer confusion, mistake or deception as to the source, sponsorship by or affiliation with Plaintiff.

66. By reason of Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm and unless Defendants are enjoined from continuing its wrongful acts, the damage to Plaintiff will increase.

67. In addition to an injunction, Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorneys' fees in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
**(Unfair Competition Under 15 U.S.C. § 1125(a))**

68. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

-12-

5088816_1

69. The acts of the Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. Upon information and belief, the Defendants have acted with the intention of causing confusion, mistake and deception, and of misappropriating the goodwill associated with Plaintiff's marks to profit thereby to the detriment of Plaintiff.

71. By reason of the Defendants' unfair competition and continued unauthorized use of a term confusingly similar to Plaintiff's trade name and marks, Plaintiff is suffering and will continue to suffer irreparable harm, and unless the Defendants are enjoined from continuing these wrongful acts, the damage to Plaintiff will increase.

72. In addition to an injunction, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(**Trademark Dilution under 15 U.S.C. § 1125(c)**)

73. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

74. Plaintiff's TOYO name and marks are famous marks within the meaning of the Trademark Dilution Revision Act.

75. Plaintiff's TOYO mark is inherently distinctive and has further acquired a strong recognition in the general marketplace and in the tire industry as a result of extensive use, advertising and publicity.

76. The Defendants' unauthorized commercial use of TOYOMOTO mark, after Plaintiff's TOYO marks and name acquired nationwide fame, is likely to dilute, tarnish and blur the distinctive quality of Plaintiff's marks, and is diminishing the capacity of those marks to identify and distinguish Plaintiff's goods services, in violation of 15 U.S.C. § 1125(c).

77. By reason of the acts of the Defendants, Plaintiff is suffering and will continue to suffer irreparable harm, and unless the Defendants are enjoined from continuing its wrongful acts, the damage to Plaintiff will increase.

-13-

78. The Defendants willfully intended to cause dilution of Plaintiff's famous marks. In addition to an injunction, in light of the intentional nature of the Defendants' actions, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### (Cybersquatting Under 15 U.S.C. § 1125(d))

79. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

80. The Defendants registered and used the <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names with a bad faith intent to profit from Toyo's TOYO Marks.

81. Toyo's TOYO Marks were distinctive and famous at the time the Defendants registered and/or used the <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names.

82. The <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com> domain names are confusingly similar to and/or dilutive of Toyo's famous TOYO Marks.

83. The Defendants' actions violate Section 43(d) of the Lanham Act 15 U.S.C. Section 1125(d).

### SIXTH CLAIM FOR RELIEF
### (Common Law Trademark and Trade Name Infringement)

84. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

85. The acts of the Defendants constitute trademark and trade name infringement under the common law of the State of Nevada.

86. Upon information and belief, the Defendants have acted willfully, and with the intention and the likely result of confusing, misleading and deceiving consumers.

87. The acts of the Defendants constitute willful infringement of Plaintiff's marks and name in violation of Nevada common law.

-14-

5088816_1

88.     By reason of the Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damage to Plaintiff will increase.

89.     In addition to an injunction, Plaintiff is also entitled to profits, damages and costs, as provided by law.

**SEVENTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

90.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

91.     The acts of the Defendants constitute unfair competition under the common law of the State of Nevada.

92.     By reason of such acts by the Defendants, Plaintiff is suffering and will continue to suffer irreparable harm, and unless the Defendants are enjoined from continuing these wrongful acts, the damage to Plaintiff will increase.

93.     In addition to an injunction, Plaintiff is also entitled to profits, damages and costs, as provided by law

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.      That the Defendants, their agents, servants, employees, licensees, attorneys, subsidiaries, related companies, and all persons acting for, with, by, through or under him, and each of them, in order to prevent the violation of Plaintiff's rights in its marks, and name, and because immediate and irreparable injury, loss or damage will result, be preliminarily and permanently enjoined from:

i.      Registering or using as a mark, domain name, or trade name, or as part of any mark, domain name, or trade name, the designation TOYOMOTO, TOYO, or any other designation confusingly similar to or dilutive of any of Plaintiff's TOYO Marks as set forth in this Complaint, including, but not limited to, on signage, brochures, and products at the SEMA show;

-15-

5088816_1

    ii. Representing directly or indirectly, in any form or manner whatsoever, that any products, or services offered for distribution or sale by the Defendants are Plaintiff's products or related to, affiliated with, approved by or sponsored by Plaintiff.

    iii. Passing off, inducing, or enabling others to offer or pass off any products or services not offered or rendered by Plaintiff as being Plaintiff's products or services, or as being products or services sponsored by, approved by or somehow affiliated with Plaintiff;

    iv. Committing any other acts calculated to cause consumers to believe that the Defendants' products and services or that the Defendants' business is that of Plaintiff's or somehow related to Plaintiff, and from otherwise competing unfairly with Plaintiff in any manner; and:

    v. Committing, any other acts which will tarnish, blur, or dilute, or have the tendency to tarnish, blur, or dilute, the distinctive quality of the famous marks of Plaintiff.

  B. An order, pursuant to 15 U.S.C. § 1116(d) and the Court's inherent authority, directing the seizure of all products, advertising, marketing, and promotional materials utilizing the counterfeit, infringing or diluting TOYOMOTO marks, and all evidence of or relating to the Defendants' unlawful conduct;

  C. The Defendants (and the relevant Registrar) be required to cease any use of the term TOYO as or as part of any name, domain name, or mark in any media whatsoever and to transfer to Plaintiff, the Defendants' Internet registration of the domain names <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com>  and all other domain names it owns or controls that contain, or are identical to, confusingly similar to, or dilutive of any of Toyo's marks.

  D. The Defendants be required to deliver up for destruction any and all literature, products, forms, promotional materials, prints, advertising matter, circulars, stationery, labels, tags, wrappers, packaging, plates, stencils, sips and other materials used in the preparation of, or bearing any designation consisting of or including or incorporating the term "TOYO."

  E. The Defendants be directed to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents, and representatives to address the likely

-16-

5088816_1

1  confusion and dilution caused from its use of marks similar to Toyo's TOYO marks, logos and company name and domain names.

F. The Defendants be directed to pay statutory damages under 15 U.S.C. § 1117(d), an election by Toyo, in an amount of $100,000 per domain name for the registration and use of any domain names consisting of, including, or incorporating the term TOYO or any confusingly similar or dilutive variations of the term TOYO including but not limited to the domain names <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com>.

G. That Plaintiff be awarded the Defendants' profits, any damages sustained by Plaintiff, and the costs of this action, including prejudgment interest.

H. That Plaintiff be awarded a judgment for three times the Defendants' profits or Plaintiff' damages, whichever is greater, together with all of Plaintiff's litigation expenses including reasonable attorneys' fees and the costs of this action in accordance with 15 U.S.C. § 1117(b) and other applicable laws.

I. The Defendants be directed to file with this Court within thirty (30) days after entry of final judgment in this case, a written statement, under oath, setting forth in detail the manner in which the Defendants have complied with said judgment.

J. And such other relief as the Court may grant as the interests of justice may require.

Dated: November_4, 2014       Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP

By: /s/ Michael J. McCue
Michael J. McCue
MMcCue@LRRLaw.com
Jonathan W. Fountain
JFountain@LRRLaw.com
Jennifer K. Hostetler
JHostetler@LRRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

Attorneys for Plaintiffs

-17-

5088816_1