# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Toyo Rite and Rubber Co., Ltd., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Kabusikiki Kaisha Toyko Nihoon Rubber Corp., et al.,<br><br>    Defendants. | No: 2:14-cv-1847-JAD-VCF<br><br>**Order Granting *Ex Parte* Application for Temporary Restraining Order [Doc. 2] and Scheduling Preliminary Injunction Hearing** |

    Plaintiffs Toyo Tire and Rubber Co. Ltd., Toyo Tire U.S.A. Corp., and Toyo Tire Holdings of Americas Inc. (collectively "Toyo")[1] have moved the Court on an ex parte basis for an Emergency Temporary Restraining Order and Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7-5. In a Complaint filed Tuesday, November 4, 2014, Toyo alleges that Defendants Kabusikiki Kaisha Tokyo Nihoon Rubber Corp., Japan Toyomoto Tire Corp., Toyomoto (Beijing) International Trading Co., and Toyomoto Tire (US) Inc. (collectively "Toyomoto" or "Defendants") are advertising, displaying and offering to sell products that infringe on Toyo's U.S. trademarks. Toyo further alleges that it discovered the infringing activity on November 3, 2014, when Toyo representatives visited the 2014 Specialty Equipment Market Association ("SEMA") trade show in Las Vegas, Nevada, to prepare for the show, which started on November 4, 2014, and is scheduled to end on November 7, 2014.

    Toyo seeks a temporary restraining order to enjoin the display, advertisement, and offer of sale of those products, as well as an order permitting its counsel to copy and preserve evidence of such infringing activity, including records of infringing product sales.

---

[1] The collective use of "Toyo" persists regardless whether the word is used in the singular or the plural.

**FINDINGS AND CONCLUSIONS**

The Court, having duly considered Toyo's Complaint, emergency motion, and the declarations and exhibits submitted therewith, hereby makes the following findings and conclusions:

1. An order other than an ex parte temporary restraining order would not be adequate to achieve the purposes of Section 32 of the Lanham Act (15 U.S.C. § 1114), because: (a) the Defendants are China-based companies; (b) although Toyomoto Tire (US) Inc. is organized under Delaware law, it does not appear to have U.S. operations or a known regular presence in the United States; (c) with the exception of the Defendants' temporary presence in Las Vegas, Nevada, during the SEMA trade show from November 4 to 7, 2014, the Defendants do not have any known regular place of business or assets in the United States; (d) the Defendants appear to be engaging in willful trademark infringement based on their adoption and use of a TOYO-formative mark for tires despite the worldwide fame of the TOYO brand for tires; (e) the Defendants appear to be passing themselves off as a Japanese company like Toyo, even though they are Chinese-based companies with no known presence in Japan; (f) because of their temporary presence in the United States and the apparently willful nature of the infringement, there is a significant risk that the Defendants will remove from the trade show any evidence of its infringement or destroy such evidence if an ex parte temporary restraining order is not granted.

2. At this stage of the proceedings, and based on the Complaint and the representations made in Toyo's Emergency Ex Parte Motion for Temporary Restraining Order [Doc. 2], Toyo has demonstrated a likelihood of succeeding on the merits of its trademark infringement claims only. Toyo owns valid rights in a TOYO family of marks for tires, and owns numerous valid federal trademark registrations identified in the Complaint (U.S. Patent and Trademark Registration Nos. 3652765, 3602754, 3409221, 3409258, 3591290, 3401954 3356321, 3496019, 1176052, 839584, 3112389, and 3112389). The Defendants are displaying signage and tires bearing the TOYOMOTO mark at the SEMA show. The TOYOMOTO mark is confusingly similar to the TOYO marks and Defendants

are using the mark for the same goods covered by Toyo's trademark registrations. In addition, Defendants are claiming that they are a Japanese company, (which is likely to exacerbate confusion with Japan-based Toyo), even though Defendants are China-based companies.

3. Unless restrained, the Defendants' promotion, offers for sale, and/or sale of its infringing products at SEMA will result in immediate and irreparable injury to Toyo in the form of loss of consumer goodwill, loss of control over its business reputation, and interference with Toyo's ability to exploit its U.S. trademarks. The likelihood of such harm is significant at SEMA, which Toyo requests is a major trade show with approximately 60,000 attendees, most of whom make purchasing decisions or influence purchasing decisions. Toyo will be unable to effectively police the market and enforce its intellectual property rights if the Defendants are not restrained. Further, because the Defendants have no operations in the United States, it may be difficult or impossible for Toyo to enforce a monetary judgment against Defendants.

4. The evidence of the Defendants' unlawful conduct is or may be in the Defendants' possession at SEMA and maybe destroyed, moved, hidden, taken outside of the United States, or otherwise made inaccessible to Toyo if the Defendants are to receive notice of Toyo's application for a temporary restraining order in advance of service of this Order.

5. The harm to Toyo in denying the requested temporary restraining order outweighs the harm to the legitimate interests of the Defendants from granting Toyo such relief.

6. The public interest weighs in favor of granting Toyo the requested temporary restraining order.

7. Toyo is prepared to deposit money with the Clerk of the Court as security for payment of any damages the Defendants may be entitled to recover as a result of a wrongful temporary restraining order.

**TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED that, pending a decision by the Court on Toyo's

application for a preliminary injunction, the Defendants, as well as their respective officers, agents, servants, employees, confederates, attorneys, ("Restrained Parties") are hereby temporarily enjoined and restrained from:

    a. Using any reproduction, counterfeit, copy, or colorable imitation of the TOYO marks, including TOYOMOTO, in commerce including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the TOYO marks; or (ii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the TOYO marks – anywhere in the United States, including at SEMA in Las Vegas, Nevada;

    c. Transferring, moving, destroying, or otherwise disposing of: (i) any of the accused product identified or encompassed in Paragraph (a) above; or (ii) any evidence of the Defendants' illegal activities, including, without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, flash drives, cell phones, hard disk drives, laptop computers, memory cards, etc.) relating to any use or infringement of the TOYO marks.

IT IS FURTHER ORDERED that any Defendants may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order with prior notice to the Plaintiff.

IT IS FURTHER ORDERED that the Summons, Complaint, Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and for Preliminary Injunction, the Declaration of Amy Coleman, the Declaration of Michael McCue and this Order must be served upon the Defendants, if found, at SEMA, as well as by other means reasonably calculated to give the Defendants reasonable notice of this action, which shall include via email and international courier to the email and physical addresses provided by Defendants on their websites. Toyo shall file proof of service in connection with any and all service methods made and attempted.

IT IS FURTHER ORDERED that, at the time Toyo serves Defendants with a copy of

this Order at this SEMA show, the U.S. Marshals will: (1) secure the Defendants' exhibitor's booth at SEMA; (2) direct Defendants to take down their signage and to remove all infringing products from view; and (3) search and seize from the booths rented and/or occupied by any one or more of the Defendants any and all items in the booth or display bearing infringing marks. **Such items to be seized include only banners, display items, promotional materials, and products bearing infringing marks ("Seizure Items").** The scope of the seizure is limited to evidence of trademark infringement physically present in Toyomoto's display booth and shall not extend to or include computers, electronic devices, or electronically stored materials. Counsel and representatives for Toyo shall accompany the U.S. Marshals during the seizure to identify the Seizure Items. Counsel shall take receipt of any Seizure Items from the U.S. Marshals no later than 2 hours after the seizure. In addition, Toyo's counsel and representatives shall record the contents of Toyomoto's booth by photographic or videographic means during the seizure action. Toyo also agrees to and shall indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

IT IS FURTHER ORDERED that Counsel for Toyo shall retrieve the Seizure Items from the U.S. Marshals, and secure and maintain the same until otherwise directed by the Court. No later than 48 hours after receipt of the evidence from the U.S. Marshals, counsel for Toyo shall: (a) prepare an inventory of the Seizure Items it has received from the U.S. Marshals, itemized to identify in detail each item seized, (b) provide a copy of that inventory list to the U.S. Marshals, and (c) file that inventory list with the Clerk of Court.

IT IS FURTHER ORDERED that Toyo shall deposit with the Clerk of the Court the amount of $50,000 or a $50,000 bond to secure and give effect to this temporary restraining order. To the extent Defendants believe additional security is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Defendants shall so move the Court and shall provide notice to Toyo's counsel of such motion on or before November 10, 2014.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for

November 12, 2014, at 3 p.m., in Courtroom 6D, before the Hon. Jennifer A. Dorsey. The Defendants shall file and serve any opposition to Toyo's motion for a preliminary injunction on or before 5:00 p.m. on November 10, 2014. Toyo shall file and serve any reply in support of its motion for a preliminary injunction by 5:00 p.m. on November 11, 2014.

DATED: November 6, 2014, at 12:20 p.m.

_____
Jennifer A. Dorsey
United States District Judge