Case 2:14-cv-01847-JAD-VCF Document 15 Filed 11/12/14 Page 1 of 4

FILED
NOV 12 2014
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toyo Rite and Rubber Co., Ltd., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Kabusikiki Kaisha Toyko Nihoon Rubber Corp., et al.,<br><br>    Defendants. | No: 2:14-cv-1847-JAD-VCF<br><br>**Order Re: Motion for Preliminary Injunction [Doc. 4]** |

## BACKGROUND

Plaintiffs Toyo Tire and Rubber Co. Ltd., Toyo Tire U.S.A. Corp., and Toyo Tire Holdings of Americas Inc. (collectively "Toyo")[1] move the court for a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure. In a Complaint filed Tuesday, November 4, 2014, Toyo alleges that Defendants Kabusikiki Kaisha Tokyo Nihoon Rubber Corp., Japan Toyomoto Tire Corp., Toyomoto (Beijing) International Trading Co., and Toyomoto Tire (US) Inc. (collectively "Toyomoto" or "Defendants") are advertising, displaying and offering to sell products that infringe on Toyo's U.S. trademarks. Toyo further alleges that it discovered the infringing activity on November 3, 2014, when Toyo representatives visited the 2014 Specialty Equipment Market Association ("SEMA") trade show in Las Vegas, Nevada, to prepare for the show, which started on November 4, 2014, and ended on November 7, 2014.

On November 4, 2014, Toyo moved for an *ex parte* temporary restraining order, in which it sought to seize certain items in Toyomoto's display booth, and enjoin defendants from infringing on Toyo's registered marks. Doc. 4. The court granted this motion in part on November 6, 2014, finding that plaintiff's papers demonstrated a likelihood of succeeding on the merits of its claim for trademark infringement claims only. Doc. 8 at 2-3. The court

---

[1] The collective use of "Toyo" persists regardless whether the word is used in the singular or the plural.

ordered seizure of specified items from Toyomoto's booth ("Seizure Items"),[2] directed Toyo to post $50,000 security and serve defendants with a copy of the complaint, TRO, and motions. Doc. 8. The court scheduled a hearing on Toyo's motion for a preliminary injunction for 3 p.m. on November 12, 2014. *Id.* at 5-6. The court also ordered defendants to file and shall file and serve any opposition to Toyo's motion for a preliminary injunction by 5:00 p.m. on November 10, 2014. Defendants were duly served with all relevant papers in compliance with the court's order. Doc. 11. However, defendants have not responded to the preliminary injunction motion or otherwise appeared in this case. The hearing on the motion took place as scheduled on November 12, 2014. No representatives for defendants appeared.

## FINDINGS AND CONCLUSIONS

The court, having duly considered the complaint, moving papers, and oral argument from the November 12, 2014 preliminary injunction hearing, hereby makes the following findings and conclusions:

1.   At this stage of the proceedings, and based on the complaint and the representations made in Toyo's motion for preliminary injunction [Doc. 4], Toyo has demonstrated a likelihood of succeeding on the merits of its trademark infringement claims under the Lanham Act, 15 U.S.C. § 1114(1), and Nevada common law. Toyo has demonstrated it owns valid rights in a TOYO family of marks for tires, and owns numerous valid federal trademark registrations identified in the Complaint (U.S. Patent and Trademark Registration Nos. 3652765, 3602754, 3409221, 3409258, 3591290, 3401954 3356321, 3496019, 1176052, 839584, 3112389, and 3112389). The defendants displayed signage and tires bearing the TOYOMOTO mark at the SEMA show. The TOYOMOTO mark is confusingly similar to the TOYO marks and defendants are using the mark for the same

---

[2] The court's order specified that "**Such items to be seized include only banners, display items, promotional materials, and products bearing infringing marks ("Seizure Items").** The scope of the seizure is limited to evidence of trademark infringement physically present in Toyomoto's display booth and shall not extend to or include computers, electronic devices, or electronically stored materials." Doc. 4 at 5 (emphasis in original).

goods covered by Toyo's trademark registrations. In addition, defendants are claiming that they are a Japanese company, (which is likely to exacerbate confusion with Japan-based Toyo), even though defendants are China-based companies.

      2.     Unless restrained, the defendants' promotion, offers for sale, and/or sale of their infringing products will result in immediate and irreparable injury to Toyo in the form of loss of consumer goodwill, loss of control over its business reputation, and interference with Toyo's ability to exploit its U.S. trademarks. The likelihood of such harm is significant because it has already occurred at SEMA, which Toyo represents is a major trade show with approximately 60,000 attendees, most of whom make purchasing decisions or influence purchasing decisions. Further, because the defendants have no operations in the United States, it may be difficult or impossible for Toyo to enforce a monetary judgment against defendants.

      3.     The harm to Toyo in denying the requested temporary restraining order outweighs the harm to the legitimate interests of the Defendants from granting Toyo such relief.

      4.     The public interest weighs in favor of granting Toyo the requested temporary restraining order.

      5.     Pursuant to court order, Toyo has deposited $50,000 with the Clerk of the court as security for payment of any damages the defendants may be entitled to recover as a result of successfully defending the merits of this claim. Doc. 9.

## CONCLUSION

Accordingly, and for the reasons stated on the record during the November 12, 2014, hearing,

It is HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction **[Doc. 4] is GRANTED.**

It is FURTHER ORDERED that the Temporary Restraining Order **[Doc. 8] is DISSOLVED**, and this order substituted in its place.

IT IS FURTHER ORDERED that the defendants, as well as their respective officers,

agents, servants, employees, confederates, attorneys, ("Restrained Parties") are hereby preliminarily enjoined from:

    a.    Using any reproduction, counterfeit, copy, or colorable imitation of the TOYO marks, including TOYOMOTO, in commerce including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the TOYO marks; or (ii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the TOYO marks—anywhere in the United States on internet domain names which they may own and/or operate;

    b.    Transferring, moving, destroying, or otherwise disposing of: (i) any of the accused product identified or encompassed in Paragraph (a) above; or (ii) any evidence of the defendants' infringing activities, including, without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, flash drives, cell phones, hard disk drives, laptop computers, memory cards, etc.) relating to any use or infringement of the TOYO marks.

IT IS FURTHER ORDERED that Counsel for Toyo shall maintain in a secure environment the Seizure Items until otherwise directed by the court.

DATED: November 12, 2014.

Jennifer A. Dorsey
United States District Judge