**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TOYO TIRE & RUBBER CO. LTD., *et al.*,

           Plaintiffs,

vs.

KABUSIKIKI KAISHA TOKYO HIHOON RUBBER CORP., *et al.*,

           Defendants.

Case No. 2:14-cv-01847-JAD-VCF

**ORDER**

MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION (#18)

      This matter involves Toyo Tire & Rubber Company's trademark-infringement action against Kabusikiki Kaisha Tokyo Hihoon Rubber Corporation and others. *See* (Compl. (#1) at ¶¶ 24–29[1]). Before the court is Toyo's Motion for Default Judgment and Permanent Injunction (#18). It is unopposed. For the reasons stated below, the court orders supplemental briefing on jurisdiction.

**I. BACKGROUND**

      Toyo Tire & Rubber Company ("Toyo") is a Japanese corporation and one of the world's most renowned manufacturers and distributors of tires. (Compl. (#1) at ¶¶ 5, 12). Toyo prides itself for its technological innovations and the quality of its products. (*Id*. at ¶ 12). In the United States, Toyo has been named "#1 Overall Brand" by North American Tire Dealers in *Tire Review Magazine's* "Annual Tire Brand Study." (*Id*.)

      Since at least as early as 1945, Toyo has continuously used and promoted the TOYO mark in connection with a wide variety of tires. (*Id*. at ¶ 13). Toyo sells tires under the TOYO and TOYO M/T

---

[1] Parenthetical citations refer to the court's docket.

1

marks. (*Id*.) Toyo has made exclusive and continuous use of the TOYO mark in connection with the tire industry internationally since at least as early as 1945, and in the United States since at least as early as 1966. (*Id*.) Toyo has more than 2,000 independent tire dealers in the United States and has distributors in 120 other countries and territories throughout the world. (*Id*. at ¶ 13).

Kabusikiki Kaisha Tokyo Hihoon Rubber Corporation and its affiliates (collectively "Kabusikiki") are Chinese corporations. (*Id*. at ¶ 24). They hold themselves out as Japanese and Delaware companies but have no presence in either location. (*Id*. at ¶¶ 25–26). Kabusikiki is allegedly selling counterfeit Toyo tires in, among other places, Las Vegas, Nevada. (*Id*. at ¶¶ 34–6).

Toyo alleges that this conduct violates common law and federal law, including the Lanham Act, 15 U.S.C. § 1125, which prohibits a person from, *inter alia*, using another's registered trademark for profit. Toyo commenced this action on November 4, 2014. Kabusikiki was served but has failed to plead or otherwise defend. (Summons #11); (Mot. Default J. #18). On February 17, 2015, the clerk of court entered default against the Kabusikiki. (Doc. #17). Now, Toyo moves for default judgment and requests a permanent injunction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. It states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. FED. R. CIV. P. 55(b)(2).

Before considering whether default judgment should be entered, the court has "an affirmative duty" to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. and*

2

*Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). A judgment without jurisdiction is void. *Id*. (citations omitted). Generally, jurisdictional allegations must be plausible. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. denied*, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014). However, on a motion for default judgment, the court accepts the plaintiff's allegations as true. *Heidenthal*, 826 F.2d at 917–18.

### III. DISCUSSION

Toyo predicates the court's subject-matter jurisdiction on 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Toyo's complaint seeks relief under the Lanham Act, 15 U.S.C. § 1125(d), which is a law of the United States. *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014). Additionally, the Lanham Act itself "grants the federal district courts original jurisdiction over all actions arising under it." *Id.* (citing 15 U.S.C. § 1121(a)); *see also Steele v. Bulova Watch Co*., 344 U.S. 280, 286 (1952) (stating that the Lanham Act creates a "broad jurisdictional grant"). The pertinent part of Toyo's complaint is based on the provision of the Lanham Act codified at 15 U.S.C. § 1125, which "protects against infringement of unregistered marks and trade dress as well as registered marks."

In a typical trademark-infringement action, the court's subject-matter inquiry would end here. In cases like this, however, that may involve the extraterritorial application of the Lanham Act—(*i.e.*, "application of the Act to activity (such as sales) of a defendant outside the territorial boundaries of the United States")—an additional inquiry is necessary. *McBee v. Delica Co*., 417 F.3d 107, 116 (1st Cir. 2005); *see also Reebok Int'l, Ltd. v. Marnatech Enters*., 970 F.2d 552, 554–57 (9th Cir. 1992); *Wells Fargo & Co. v. Wells Fargo Exp. Co*., 556 F.2d 406, 430 (9th Cir. 1977).

"It is a general principle that one state cannot require a person to do an act in another state that is prohibited by the law of that state or by the law of the state of which he is a national, nor can the person be required to refrain from an act that is required." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392

3

(9th Cir. 1995) (internal quotation marks omitted) (quoting RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES § 441(1)(a) (1987)). And, it is a longstanding principle of American law that Congressional enactments "apply only within the territorial jurisdiction of the United States," unless "a contrary intent appears." *Equal Emp't Opportunity Comm'n v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991).

The Supreme Court has determined that the Lanham Act may reach extraterritorial conduct, but it has not established a test governing the Act's extraterritorial application. *Id*. at 252–53; *Steele v. Bulova Watch Co*., 344 U.S. 280 (1952). The circuit courts have established a variety of tests for determining when extraterritorial application of the Lanham Act is appropriate. *See McBee*, 417 F.3d at 117 (collecting cases). In the Ninth Circuit, courts apply a "rule of reason" test that requires the plaintiff to show (1) some effect on United States commerce, (2) an effect that is sufficiently great to be a cognizable injury to plaintiff under the Lanham Act, and (3) the interests and links to American commerce must be sufficiently strong in relation to those of other nations to justify, in terms of comity, an extraterritorial application of the Act. *Star-Kist Foods, Inc. v. P.J. Rhodes & Co*., 769 F.2d 1393, 1395 (9th Cir. 1985) (citing *Timberlane Lumber Co. v. Bank of Am*., 549 F.2d 597 (9th Cir. 1977)). Examination of the third requirement involves the balancing of seven factors:

> [T]he degree of conflict with foreign law or policy, the nationality or allegiance of the parties and the locations or principal places of business of corporations, the extent to which enforcement by either state can be expected to achieve compliance, the relative significance of effects on the United States as compared with those elsewhere, the extent to which there is explicit purpose to harm or affect American commerce, the foreseeability of such effect, and the relative importance to the violations charged of conduct within the United States as compared with conduct abroad.

*Reebok*, 970 F.2d at 555 (quoting *Timberlane*, 549 F.2d at 614).

An analysis of these three requirements (and the seven subfactors) may support the court's exercise of subject-matter jurisdiction. However, they were not briefed by Toyo and the court is not in a position

4

to determine on its own whether these factors are satisfied here. Supplemental briefing is required. Additionally, because both parties are foreign entities, the court orders supplemental briefing on personal jurisdiction.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Toyo submit supplemental briefing on subject-matter jurisdiction and personal jurisdiction by June 29, 2015.

IT IS SO ORDERED.

DATED this 15th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE