UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toyo Tire and Rubber Co., Ltd., *et al.*, <br><br>    Plaintiffs <br><br> v. <br><br> Kabusikiki Kaisha Tokyo Nihoon Rubber Corp, *et al.*, <br><br>    Defendants | 2:14-cv-01847-JAD-VCF <br><br> **Order Granting Plaintiff's Motion for Default Judgment [ECF 18], Granting Plaintiff's Motion for a Permanent Injunction [ECF 20] Sustaining Plaintiff's Objections [ECF 25], and Adopting in part Report and Recommendation [ECF 24]** |

    Toyo Tire & Rubber Company (Toyo) sues Japan Toyomoto Tire Corp., and its affiliates[1] (collectively Toyomoto) for trademark infringement and related claims.[2] Toyomoto failed to answer or otherwise defend the complaint and on February 24, 2015, the Clerk of Court entered default against Toyomoto.[3] Toyo now moves for default judgment and a permanent injunction.[4] Magistrate Judge Cam Ferenbach initially recommended that I grant both of Toyo's motions; he then amended his report to recommend that I grant the motion for default but deny the motion for a permanent injunction.[5] Toyo objects to the recommendation that its motion for a permanent injunction be denied.[6] Having reviewed the objected-to portions of the amended report and recommendation *de novo*, I conclude that Toyo is entitled to a permanent injunction.[7] I therefore sustain Toyo's

---

[1] Kabusikiki Kaisha Tokyo Nihoon Rubber Corp, Toyomoto (Beijing) International Trading Co., and Toyomoto Tire (US) Inc.

[2] ECF 1.

[3] ECF 17.

[4] ECF 18, 20.

[5] ECF 24.

[6] ECF 25.

[7] I find this motion suitable for disposition without oral argument. L.R. 78-2.

objections, grant both of Toyo's motions, and adopt the amended report and recommendation to the extent that it is consistent with this order.

## Background

Toyo is a Japanese tire manufacturer.[8] In the United States, Toyo has been named "#1 Overall Brand" by North American Tire Dealers in *Tire Review Magazine's* "Annual Tire Brand Study."[9] Toyo has made exclusive and continuous use of the TOYO mark in connection with the tire industry internationally since at least 1945, and in the United States since at least 1966.[10] Toyo has more than 2,000 independent tire dealers in the United States and has distributors in 120 other countries and territories.[11]

Toyomoto is a Chinese corporation that sells counterfeit Toyo tires in, among other places, Las Vegas, Nevada.[12] Despite having no presence in Japan, Toyomoto holds itself out as a Japanese company—apparently in an effort to further confuse consumers.[13] Toyomoto also operates deceptively named websites to market and sell its counterfeit products including <toyomototire.com>, <toyomototires.com>, and <toyomoto-otr.com>.[14] Toyo first learned that Toyomoto was infringing its marks when the two companies attended the annual Specialty

---

[8] ECF 1 ¶ 5, 12. These facts are taken from Toyo's complaint and I now accept them as true by virtue of Toyomoto's default. "[U]pon [entry of] default the factual allegations of the complaint, except those relating to the amount of damages" are accepted as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *accord* FED. R. CIV. PROC. 8(b)(6) ("An allegation other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶ 13.

[11] *Id.*

[12] *Id.* at ¶¶ 34–36.

[13] *Id.* at ¶¶ 25–26.

[14] *Id.* at ¶ 29.

Equipment Market Association (SEMA) automotive specialty-products trade show in Las Vegas in early November 2014.[15]

On November 4, 2014, Toyo sued Toyomoto for trademark infringement and related claims. I granted Toyo's motion for a temporary restraining order and later its motion for a preliminary injunction.[16] But despite being properly served while in Las Vegas and having both a temporary restraining order and a preliminary injunction entered against it, Toyomoto has never appeared in this case.[17] Accordingly, the Clerk of Court entered default against Toyomoto on February 24, 2015.[18] Toyo now moves for default judgment and seeks a permanent injunction.[19]

On July 2, 2015, Magistrate Judge Ferenbach issued a report and recommendation on Toyo's motions for default and for a permanent injunction. Judge Ferenbach initially recommended that I grant Toyo's motion for default judgment and motion for a preliminary injunction and award maximum statutory damages.[20] Six days later, he amended his report and recommendation,[21] now recommending that I instead deny Toyo's motion for a permanent injunction.[22]

## Discussion

### A. Standards of Review

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[23] "The district judge may accept, reject, or modify the recommendation,

---

[15] ECF 1 at ¶¶ 36–37.

[16] ECF 8, 15.

[17] ECF 11, 18.

[18] ECF 17.

[19] ECF 18, 20.

[20] ECF 23.

[21] ECF 24.

[22] *Id.* at 20.

[23] *Id.*

receive further evidence, or resubmit the matter to the magistrate judge with instructions."[24] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[25] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[26]

Toyo objects to the portion of the amended report that recommends that its motion for a permanent injunction be denied, and Toyo requests that I adopt instead the original report.[27] I thus review *de novo* only Judge Ferenbach's finding that Toyo has not demonstrated irreparable harm and is therefore not entitled to a permanent injunction. I adopt the rest of his findings and conclusions without review.

## B. Permanent Injunctive Relief

The Lanham Act permits a court to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent further trademark infringement.[28] A plaintiff seeking a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent

---

[24] *Id.*

[25] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[26] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[27] ECF 25 at 4. The initial report and recommendation is moot because it has been superseded by the amended report and recommendation. I therefore consider only whether to adopt, reject, or modify the amended report.

[28] 15 USC § 1116; *See also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006).

injunction."[29] Irreparable injury was once presumptively established once a plaintiff showed a likelihood of success on the merits of a trademark-infringement claim.[30] But since the United States Supreme Court's decisions in *eBay Inc. v. MercExchange*[31] and *Winter v. Natural Resources Defense Counsel*,[32] the Ninth Circuit has consistently held that "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark[-]infringement action"; it may not be presumed.[33]

Judge Ferenbach found that Toyo satisfied the final three elements for permanent injunctive relief but failed to show irreparable harm because (1) Toyo conceded that it did not allege any documented instances of actual confusion[34] and (2) Toyo failed to produce any evidence that would support a finding of irreparable harm.[35] Reasoning that "'conclusory or speculative allegations [of irreparable harm] are not enough,'" Judge Ferenbach recommends that I deny Toyo's motion for injunctive relief.[36] I now consider whether Toyo has shown actual irreparable injury. In doing so, I

---

[29] *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014) (citations omitted).

[30] *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999) (stating that "irreparable harm may be presumed from a showing of likelihood of success on the merits of a trademark infringement claim.").

[31] *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (holding that traditional four-factor test for permanent injunctive relief applies to patent-infringement claims).

[32] *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008) (holding that plaintiffs seeking preliminary relief are required to demonstrate that irreparable injury is likely in absence of injunction).

[33] *Herb Reed Enter., LLC v. Florida Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (citing *Reno Air Racing Ass'n*, 452 F.3d at 1137, n. 11).

[34] ECF 20 at 19. ("Toyo concedes that the Complaint does not allege any documented instances of actual confusion amongst consumers between the TOYO mark and TOYOMOTO . . .").

[35] ECF 24 at 17–18.

[36] ECF 24 at 18 (quoting *Herb Reed*, 736 F.3d at 1250). The initial report and recommendation applied the presumption-of-irreparable-harm standard rejected by the court in *Herb Reed*. ECF 23 at 17. The amended report applies the correct standard post-*Herb Reed*.

accept all factual allegations in Toyo's complaint as true, except those relating to damages.[37]

### C. Because Toyo has shown irreparable injury, permanent injunctive relief is appropriate.

Toyo argues that the amended report and recommendation is clearly erroneous because "it fails to assume the truth of record facts [that] show Toyo has suffered irreparable injury."[38] Toyo points to the facts contained in its complaint and in the affidavit[39] of Amy Coleman, Toyo's Chief Director of Marketing. According to Toyo, these facts establish that Toyo is a renowned tire manufacturer[40] that owns federal trademark registrations for its marks[41] and has invested millions of dollars advertising and promoting its products.[42] Further, these facts establish that Toyo and Toyomoto are competitors in the tire industry[43] and that Toyomoto is using the confusingly similar "Toyomoto" mark[44] and operating deceptively named websites to sell tires to U.S. consumers.[45] Toyomoto is also passing itself off as a Japanese company—which is likely to exacerbate confusion with Japan-based Toyo—even though it has no connection to Japan.[46] The net result is a loss of control over Toyo's trademark, reputation, and goodwill, which constitutes irreparable injury.

The Ninth Circuit has recognized that, in trademark cases, irreparable harm may be shown

---

[37] *TeleVideo Sys., Inc.*, 826 F.2d at 917–18 ("[U]pon [entry of] default the factual allegations of the complaint, except those relating to the amount of damages" are accepted as true); *accord* FED. R. CIV. PROC. 8(b)(6) ("An allegation other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[38] ECF 25 at 5.

[39] ECF 2-1.

[40] ECF 1 at ¶ 12.

[41] *Id.* at ¶ 16.

[42] *Id.* at ¶ 22.

[43] *Id.* at ¶ 33.

[44] *Id.* at ¶ 27.

[45] *Id.* at ¶ 29.

[46] *Id.* at ¶ 25.

through evidence of the loss of prospective customers, goodwill, or reputation.[47] Of course, conclusory, factually-unsupported allegations are insufficient to establish irreparable harm.[48] In *Herb Reed Enterprises, LLC v. Florida Entertainment Management Inc.*, the Ninth Circuit held that a district court abused its discretion when it granted a permanent injunction based solely on "unsupported and conclusory statements" and the record lacked any evidence of irreparable harm.[49] The panel reasoned "[t]he practical effect of the district court's conclusions, which included no factual findings, is to reinsert the now-rejected presumption of irreparable harm based solely on a strong case of trademark infringement."[50]

Unlike the record before the court in *Herb Reed*, the record in this case contains sufficient facts to support an inference of irreparable harm. Though Toyo has not shown evidence of actual confusion, Toyo has offered facts that support a finding that it has suffered—and will continue to suffer—irreparable harm due to a loss of control over its mark, reputation, and goodwill. Toyo has shown that it has spent considerable time and effort building its reputation. It has sold tires under the Toyo mark in the United States for almost 50 years. Over the last five years, Toyo has invested more than $105 million on marketing and promotional activities and has enjoyed annual sales in excess of $500 million in the United States alone.[51] Meanwhile, Toyomoto has merely piggy-backed off of Toyo's success: Toyomoto markets its counterfeit products on various deceptively named websites, passes itself off as being a Japan-based company, and even exhibited its products at SEMA, a trade show that drew 60,000 buyers and that Toyo also attended.[52]

Taking the facts in Toyo's complaint as true and drawing all reasonable inferences therefrom,

---

[47] *See e.g., Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001).

[48] *Herb Reed Enter.*, 736 F.3d at 1250.

[49] *Id.* at 1251.

[50] *Id.* at 1250.

[51] ECF 1 at ¶¶ 21–22.

[52] *Id.* at ¶ 34.

Toyo has shown that it has suffered—and will continue to suffer—irreperable harm absent the requested injunction. This is especially true in light of Toyomoto's failure to appear in—or even acknowledge—this case. Further, because Toyomoto has no operations in the United States, it may be difficult or impossible for Toyo to enforce a monetary judgment against it. There is no indication that Toyomoto will cease its infringing activity absent injunctive relief. In light of these facts, I find that Toyo has sufficiently established irreparable harm, and a permanent injunction is appropriate.

## Conclusion

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's objections to Magistrate Judge Ferenbach's Report and Recommendation **[ECF 25] are SUSTAINED;**

2. Magistrate Judge Ferenbach's amended Report and Recommendation **[ECF 24]** is **ADOPTED** to the extent it is consistent with this order;

3. Plaintiff's Motion for Default Judgment **[ECF 18]** is **GRANTED;**

4. Plaintiff's Motion for Permanent Injunction **[ECF 20]** is **GRANTED;**

5. Plaintiff is **AWARDED** the maximum statutory damages against defendants in the amount of **$300,000** which will accrue post-judgment interest at the judgment rate from the date of entry of this judgment until paid in full;

. . .

. . .

. . .

6.  Defendants are **PERMANENTLY ENJOINED** from using Toyo's marks in commerce including in connection with any Internet website or domain name:

[Toyo Tires and Team Toyo marks displayed]

7.  The Clerk of Court is instructed to enter judgment for plaintiff and against defendants and **CLOSE THIS CASE.**

Dated this 26th day of October, 2015

Jennifer A. Dorsey
United States District Judge